# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1213V
### Filed: May 12, 2017
### UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| REBECCA ILNICKY, as mother and natural guardian of minor, S.I., and, ODIN ILNICKY, as father and natural guardian of minor S.I., | * * * * * |
| Petitioners, | * * |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * * |

Damages Decision Based on Proffer;
Measles, Mumps, and Rubella ("MMR")
Vaccine; Idiopathic Thrombocytopenia
Purpura ("ITP"); Table Injury;
Special Processing Unit ("SPU")

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.*
*Kathryn A. Robinette, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On September 27, 2016, Rebecca Ilnicky and Odin Ilnicky, parents of minor, S.I. (collectively, "petitioners"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that S.I. developed Idiopathic Thrombocytopenia Purpura ("ITP") as a result of a measles, mumps, and rubella ("MMR") vaccine administered on June 23, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 18, 2017, the undersigned issued a ruling on entitlement, finding petitioners entitled to compensation.  (ECF No. 13).  On May 12, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioners should be awarded **an amount sufficient to purchase an annuity contract,[3]** paid to the life insurance company from which the annuity will be purchased,[4] subject to the conditions described in the Proffer that will provide the following payments to S.I.:

1. **$49,483.78 payable in a certain lump sum on 01/19/2029.**
2. **$54,561.55 payable in a certain lump sum on 01/19/2032.**
3. **$62,204.39 payable in a certain lump sum on 01/19/2036.**

Proffer at 2.  The Proffer further indicates, if S.I. predeceases any of these payments, said payments shall be made to his estate upon receiving written notice, provided within 20 days, to respondent and the life insurance company from which the annuity will be purchased.  *Id.*  In the Proffer, respondent represented that petitioners agree with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioners an amount sufficient to purchase an annuity contract, to provide the payments to S.I described above and in the Proffer, paid to the life insurance company from which the annuity contract will be purchased.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] The Proffer indicates that respondent may, in his discretion, purchase multiple annuity contracts from multiple life insurance companies.  Proffer at 2 n.2.

[4] Any life insurance company from which an annuity contract is purchased must met the requirements set forth in the Proffer.  *See* Proffer at 2 n.3.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

_____
                                          )
REBECCA ILNICKY, as mother and natural    )
guardian of minor, S.I., and ODIN ILNICKY, )
as father and natural guardian of minor, S.I., )
                                          )
                    Petitioners,          )     No. 16-1213V
                                          )     Chief Special Master Dorsey
v.                                        )     ECF
                                          )
SECRETARY OF HEALTH AND                   )
 HUMAN SERVICES,                          )
                                          )
                    Respondent.           )
_____)

## RESPONDENT'S PROFFER OF DAMAGES

### I.    Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that

compensation be made through future annuity payments as described below, and request that the

Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should S.I. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A.    Annuity

An amount sufficient to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to S.I. as set forth below:

1. $49,483.78 payable in a certain lump sum on 01/19/2029.
2. $54,561.55 payable in a certain lump sum on 01/19/2032.
3. $62,204.39 payable in a certain lump sum on 01/19/2036.

Should S.I. predecease any of the certain payments set forth above, said payments shall be made to his estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of S.I.'s death.

This amount represents all elements of compensation to which S.I. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioners agree.[5]

II.    **Summary of Recommended Payments Following Judgment**

A.    An amount sufficient to purchase the annuity contract described above in section I. A.

---

[2]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4]  Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5]  At the time payment is received, S.I. will be an adult, and thus guardianship is not required.

2

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/KATHRYN A. ROBINETTE*
KATHRYN A. ROBINETTE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3661

Dated: May 12, 2017