# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1213V
Filed: July 31, 2017
UNPUBLISHED

| | |
|---|---|
| REBECCA ILNICKY, as mother and natural guardian of minor, S.I. and ODIN ILNICKY, as father and natural guardian of minor, S.I., <br><br> Petitioners, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.
*Kathryn Ann Robinette, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 27, 2016, Rebecca Ilnicky and Odin Ilnicky, parents of minor, S.I. (collectively, "petitioners"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that S.I. developed Idiopathic Thrombocytopenia Purpura ("ITP") as a result of a measles, mumps, and rubella ("MMR") vaccine administered on June 23, 2015. Petition at 1. On May 12, 2017, the undersigned issued a decision awarding compensation to petitioners based on respondent's proffer to which petitioners agreed. (ECF No. 23.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 14, 2017, petitioners filed a motion for attorneys' fees and costs. (ECF No. 29.) Petitioners request attorneys' fees in the amount of $17,188.50 and attorneys' costs in the amount of $3,236.43. *Id.* at 1. In compliance with General Order #9, petitioners filed a signed statement indicating that petitioners incurred no out-of-pocket expenses. (ECF No. 29-5). Thus, the total amount requested is $20,424.93.

On July 17, 2017, respondent filed a response to petitioner's motion. (ECF No. 30.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On July 20, 2017, the OSM staff attorney managing this SPU case confirmed with petitioners' counsel that petitioners did not intend to file a reply. *See* Informal Remark, dated July 21, 2017.

The undersigned has reviewed the billing records submitted with petitioners' request. Petitioners request an increase in hourly rate for petitioners' counsel, Jeffrey Pop, from $400 to $420. The undersigned has previously awarded attorneys' fees at a rate of $400 for work performed by Mr. Pop in 2014-17.[3] Petitioners request this increased rate for work performed by Mr. Pop in 2015-17. (ECF No. 29-2). The undersigned finds the increased hourly rate of $420 appropriate for work performed by Mr. Pop in 2016-17 but not for work performed in 2015. **Thus, the amount of attorneys' fees requested by petitioners is reduced by $32.00**, from $17,188.50 to $17,156.50 to reflect a reduction in the hourly rate requested from $420 to $400 for the 1.6 hours of work performed by Mr. Pop in 2015.[4] In the undersigned's experience, no further reduction is warranted.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioners' request, the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs, **reducing the amount requested by $32.00.**

---

[3] *See, e.g., Mangent v. Sec'y of Heatlh & Human Servs.*, No. 16-1064V, 2017 WL 2119150 (Fed. Cl. Spec. Mstr. Jan. 12, 2017) (awarding the requested hourly rate of $400 for work performed in 2016-17); *Belair v. Sec'y of Heatlh & Human Servs.*, No. 15-1503V, 2016 WL 3922162 (Fed. Cl. Spec. Mstr. June 7, 2016) (awarding the requested hourly rate of $400 for work performed in 2014-16).

[4] Petitioners also request an increased hourly rate of $250 for work performed by another attorney at Mr. Pop's law firm, Kristina Gregorian. As for Mr. Pop, the undersigned finds this increased amount appropriate only for work performed in 2016-17. *See Miller v. Sec'y of Health & Human Servs.,* No. 16-595V ___ WL ___ (Fed. Cl. Spec. Mstr. July 24, 2017). In this case, however, no attorneys' fees were billed for work performed by Ms. Gregorian prior to 2016. (ECF No. 29-2).

**Accordingly, the undersigned awards the total of $20,392.93[5] as a lump sum in the form of a check jointly payable to petitioners and petitioners' counsel Jeffrey Pop.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.